UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

08-20309-CR-UNGARO

UNITED STATES OF AMERICA

v.

ALEXANDRA CANNADAY,

    Defendant.
    _____/

## **ORDER**

On March 28, 2008, this Court ordered that the defendant, ALEXANDRA CANNADAY, be detained without bond pending trial in this matter. On May 19, 2008, this Court held a hearing on defendant's motion for reconsideration of bond.

Having considered the factors enumerated in 18 U.S.C. § 3142(g), the defendant's prior criminal history, the defendant's drug addiction, the proffer of testimony made by the defense concerning the financial and emotional support offered by defendant's friends and defendant's need for drug treatment counseling, and the arguments made by both the government and the defense, the Court DENIES defendant's motion for reconsideration of bond, and makes the following findings of fact and statement of reasons:

1.    CANNADAY is charged in an indictment with possession with intent to distribute a controlled substance, that is a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D) and Title 18, United States Code, Section 2.

2.    The government proffered that laboratory analysis of the substance with which

CANNADAY was found comprised more than 50 grams of a mixture and substance containing a detectable amount of methamphetamine. The government further represented to the Court that it will file a superceding Information based on this drug amount, under which CANNADAY will be charged with violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2.

3. Title 21, United States Code, Section 841(b)(1)(D) carries a statutorily-mandated minimum term of imprisonment of five (5) years. Because of CANNADAY'S prior drug convictions, that five year mandatory minimum may be enhanced to a ten (10) year mandatory minimum if the government makes the showing required by Title 21, United States Code, Section 851.

4. CANNADAY is set for a change of plea hearing before The Honorable Ursula Ungaro on Thursday, May 29, 2008.

5. In the absence of an enhancement under Title 21, United States Code, Section 851, it appears that CANNADAY'S advisory guideline range will, with acceptance of responsibility, be between 63 and 87 months, depending on a final computation of her criminal history. The government has indicated it intends to file a motion under either USSG §5K1.1 or Fed. R. Crim. P. 35 for a reduction of sentence based on CANNADAY'S substantial assistance.

6. In addition to a 2001 federal felony conviction involving heroin, CANNADAY'S prior history includes multiple violations of supervised release. These violations have involved both dishonesty and, in one instance, traveling outside

2

of the district of her supervision without prior approval.

7.   CANNADAY was on supervised release at the time of the instant offense and had, in fact, been released from custody less than sixty (60) days earlier.

8.   Counsel for both the government and CANNADAY have agreed to request that any term of imprisonment to which CANNADAY is sentenced for this violation of supervised release be served concurrently to the term of incarceration she will serve for the offense charged in this matter.

Based upon the above findings of fact, supported by a preponderance of the evidence, this Court has concluded that CANNADAY continues to be a risk of flight. This Court specifically finds there are no conditions or combination of conditions which would reasonably assure the defendant's future presence in court as required under 18 U.S.C. § 3142.

The Court hereby DENIES the defendant's Motion for Reconsideration of Bond and directs that:

a.   Defendant continue to be detained without bond;

b.   Defendant continue to be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

c.   Defendant be evaluated forthwith for eligibility for a drug evaluation and treatment program;

d.   Defendant continue to be afforded reasonable opportunity for private consultation with counsel;

e.  On order of a Court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined, shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with any court proceeding.

DONE AND ORDERED at Miami, Florida this 22nd day of May, 2008.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE