UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-20309-CR-UNGARO

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

ALEXANDRA CANNADAY,
    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S ORDER OF PRETRIAL DETENTION

THIS MATTER is before the Court upon Defendant's Motion for Reconsideration of the Magistrate's Order of Pretrial Detention.  (D.E. 31.) The Court has carefully reviewed the motion and the entire court file and is otherwise fully advised in the premises.

I. Background

On March 20, 2008 Defendant was charged with possession with intent to distribute fifty (50) grams of methamphetamine.  On March 28, 2008, Magistrate Judge Garber issued a pretrial detention order against Defendant based on risk of flight.  (D.E. 7.)  On May 22, 2008 Magistrate Judge Garber conducted a full evidentiary hearing upon the Defendant's motion for reconsideration, and again ordered that the Defendant be detained based on risk of flight. (D.E. 21.)

II. Legal Standard

The Bail Reform Act, 18 U.S.C. § 3141, governs the release and detention of a defendant pending judicial proceedings.  The Act requires the Court to determine whether the defendant should be released or detained prior to trial.  18 U.S.C § 3141(a).  In making this decision, the Court must factually decide whether there are conditions of release that will reasonably assure

the appearance of the Defendant and protect the safety of any other person in the community. §3142(b).  Factors relevant to this inquiry include; (1) the nature and circumstances of the offenses charged; (2) the weight of evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger posed by the Defendant's release. §3142(g).

"A finding of either danger to the community or risk of flight will be sufficient to detain the Defendant pending trial." *United States v. King*, 849 F.2d 485,488 (11th Cir. 1998).  The government need only prove by a preponderance of the evidence that the defendant poses a flight risk if released, *United States v. Medina* 775 F.2d 1398, 1402-3 (11th Cir. 1985), and prove by clear and convincing evidence that the Defendant's release poses a danger to the community. 18 U.S.C. § 3142(f).  If the Court, finds that no conditions will reasonably assure the defendant's presence and the community's safety then the Court must order detention.

III.  Analysis

**1. The Nature and Circumstances of the Offenses Charged**

The nature and circumstances of the offenses charged favor pretrial detention.  Currently Defendant is charged with possession and intent to distribute a controlled substance, in violation of 21 U.S.C. 841(a)(1) and Title 18 U.S.C. 2.  Defendant is also charged with violation of 21 U.S.C. 841(b)(1)(B)(viii), involving fifty (50) or more grams of a mixture and substance containing a detectable amount of methamphetamine.  Even with acceptance of responsibility or a reduction of sentence based on substantial assistance, Defendant, faces a statutorily mandated minimum term of imprisonment of five (5) years.  Because of Defendant's prior drug convictions, the five year mandatory minimum may be enhanced to a ten (10) year mandatory minimum upon sufficient showing by the Government pursuant to 21 U.S.C. §851.  The severe penalty Defendant faces serves as incentive to flee.  *United States v. Nichols,* 63 F.3d 917 (10th

Cir. 1996); *United Sates v. Falcon*, 930 F. Supp. 1518 1521 (S.D. Fla. 1996). Moreover, the Court finds Defendant remains a danger to the community on account of her repeated endeavors to distribute controlled substances.

### 2. The Weight of the Evidence

The weight of the evidence against Defendant is substantial. The government proffered that the laboratory analysis of the substance with which Defendant was found comprised more than 50 grams of a mixture and substance containing a detectable amount of methamphetamine. Considering both the severity of the penalty and the weight of the evidence against Defendant, the Defendant has a significant incentive to flee. Thus, the weight of the evidence increases the Court's concern that Defendant is a serious flight risk.

### 3. The History and Characteristics of the Defendant

When evaluating the history and characteristics of the Defendant, the Court considers character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history of drug or alcohol abuse, criminal history-including record of appearance at court proceedings-and whether the defendant was on probation or pretrial release at the time of the offense. *See* 18 U.S.C. § 3142(g)(3)(A).

Here, a number of factors concerning the history and character of the Defendant indicate she is a flight risk. Particularly, on May 24, 2001, Defendant was sentenced to thirty-five (35) months imprisonment for conspiracy to import 7.8 kilograms of heroin. Defendant was also sentenced to five (5) years of supervised release at the completion of her term of imprisonment. On June 2005, Defendant was found to have violated her supervised released, on account of leaving the district without prior permission, and was sentenced to a halfway house for six (6) months. She was subsequently released from the halfway house in January 2006. In April 2007,

Defendant was again found to have violated her supervised release by making false statements on her probation reporting documents.  Based on this violation, United States District Judge K. Michael Moore revoked Defendant's supervised release and sentenced her to nine (9) months imprisonment.  (01-CR-00240-MOORE, D.E. 84.)  The Court also notes that the Defendant was on supervised release at the time of the instant offense and had in fact, been released from custody less than sixty (60) days earlier.

Additionally, Defendant has no familial ties to the District.  Defendant's only family member, her mother, lives in the country of Austria.  Although Defendant contends she owns a home in the District and has two friends in the community willing to post bond on her behalf, the Court is unpersuaded that the alleged presence of these ties, coupled with the absence of any other evidence, sufficiently rebuts the Court's concern of flight risk given Defendant's criminal history and potential penalty.

### 4.  Whether There are Conditions of Release that will Reasonably Assure the Appearance of the Defendant as Required The Nature and Seriousness of the Danger to Any Person or the Community Posed By Defendant's Release

The Court finds that there are no conditions of release which will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community.  Such finding is based on the following factors: (1) the seriousness of the charges; (2) the strength of the government's case; (3) the Defendant's likely sentence; and (4) the violations of the court's previous orders.  In light of the foregoing, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community.  This Court also finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required at

future proceedings. Accordingly it is hereby,

ORDERED AND ADJUDGED that the defendant be committed to the custody and confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Court also directs that the Defendant be afforded reasonable opportunity for private consulting with counsel. It is further

ORDERED AN D ADJUDGED that upon order of the Court, or request of any attorney for the Government, an authorized officer of the corrections facility in which the Defendant is confined deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED in Chambers at Miami, Florida, this 18th day of July, 2008

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided
counsel of record